UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-61485-SINGHAL/VALLE

ROSELY ALTAGRACIA STOKES,

    Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff Rosely Altagracia Stoke's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "EAJA") (the "Motion") (ECF No. 26),[1] which has been referred to the undersigned by United States District Judge Raag Singhal for appropriate disposition or recommendation. *See* (ECF No. 5).

On May 20, 2021, the District Court granted Defendant's Unopposed Motion for Entry of Judgment and remanded this case to the Appeals Council. (ECF No. 25). Plaintiff now seeks an award of her attorney's fees and costs incurred in this case under the EAJA, 28 U.S.C. § 2412, and Defendant does not oppose the Motion. *See generally* (ECF Nos. 26, 27, 28).

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C.

---

[1] Plaintiff separately filed a Memorandum of Law in Support of the Motion and counsel's Affirmation, including billing records. *See* (ECF Nos. 27, 28).

1

§ 2412(d)(1)(A).  The court may also award litigation costs, as enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1).  Here, Plaintiff asserts (and Defendant does not dispute) that she is the prevailing party, that Defendant's position was not substantially justified, and that no special circumstances exist that would render a fee award unjust.  *See* (ECF Nos. 27 at 2, 28 at 2).  The only remaining issue, therefore, is whether Plaintiff's requested attorney's fees and costs are reasonable.

## I.     ATTORNEY'S FEES

Plaintiff seeks an award of $8,415.09 in attorney's fees. (ECF No. 28 at 3).  The attorney's fees result from 40.50 hours of work performed by two attorneys between June 2020 and May 2021.[2]  *See generally* (ECF No. 28-1).  Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).  Plaintiff asserts (and Defendant does not dispute) that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $207.78 per hour.  *See* (ECF No. 28 at 10).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation, (ECF Nos. 28 at 2-3, 28-1), the undersigned finds that Plaintiff's request for attorney's fees is reasonable.  *See Norman v. Hous. Auth. of*

---

[2] Plaintiff was represented by attorneys Gabrielle B. Saint Charles and Charles E. Binder.  Attorney Saint Charles is a 2009 graduate of the University of Miami Law School and is admitted to practice in the Middle, Northern, and Southern Districts of Florida.  She specializes in Social Security disability cases at the hearing, Appeals Council and Federal District Court levels.  Attorney Binder is a 1976 graduate of Georgetown University, and is admitted to practice law in New York.  *See* New York State Unified Court System, member profile of Charles Edward Binder, https://iapps.courts.state.ny.us/attorneyservices/wicket/page?3 (last visited July 6, 2021).  He has handled thousands of administrative hearings and federal Social Security appeals. (ECF No. 28 at 2).  Both attorneys are specialists with substantial experience in administrative and federal court practice in the area of Social Security disability. (ECF No. 28 at 2-3).

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II.     COSTS

In addition, Plaintiff requests $400 for the reimbursement of filing costs. (ECF No. 28 at 3). Generally, under the EAJA, the prevailing party is entitled to compensation for costs "as enumerated in section 1920 . . . ." 28 U.S.C. § 2412(a)(1). In turn, 28 U.S.C. § 1920(1) allows for the recovery of $400 for the cost of filing.

## III.     RECOMMENDATION

Accordingly, the undersigned respectfully recommends that the Motion (ECF No. 26) be **GRANTED**. Plaintiff should be awarded a total of **$8,415.09** in fees and **$400** in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R.  3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on July 6, 2021.

                                        _____
                                        ALICIA O. VALLE
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Raag Singhal
Counsel of Record